UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DIAMOND TUCKER ST. PROPERTY, LLC, | ) |
| | ) |
| Plaintiff | ) Civil Action No.:2:25-CV-2:25-cv-13006-RMG |
| | ) COMPLAINT |
| | ) JURY TRIAL DEMANDED |
| VS. | ) |
| | ) |
| FELICIA B. WATSON, ESQ | ) |
| | ) |
| | ) |
| Defendant | ) |

Plaintiff, Diamond Tucker St. Property, LLC (hereinafter, "Plaintiff"), as and for its Complaint against the Defendant, Felicia B. Watson (hereinafter "Watson") respectfully sets forth, complains and alleges, upon information and belief, the following:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff, Diamond Tucker St. Property LLC ("Plaintiff"), is a single member limited liability company organized pursuant to the laws of the State of Maryland, and domiciled in the State of Maryland, as of the date of the filing of this Complaint, as well as at all times relevant hereto.

2.      At all times relevant hereto, Plaintiff had its principal place of business in the State of Maryland. The sole member of Plaintiff is Sean Fillinich, who is a citizen of the Commonwealth of

1

Virginia.

3.     Defendant, Felicia B. Watson, Esq. ("Defendant"), upon information and belief, is a resident of Charleson, South Carolina, and, therefore, for diversity purposes, a citizen of the State of South Carolina, as of the date of the filing of this Complaint.

4.     The Court has jurisdiction over this matter pursuant to 28 USC §1332, as well as 28 USC §1332 (a)(1).

5.     The Plaintiff has suffered an ascertainable economic loss in excess of $75,000.00 as a direct result of the Defendant's actions and the amount in controversy in this action exceeds $75,000.00.

6.     Complete diversity of citizenship exists between the Plaintiff and Defendant.

## **FACTUAL ALLEGATIONS**

7.     Despite being already involved in a controversy for which Defendant had been on notice for having breached Plaintiff's Attorney-Client Privilege, Defendant, beginning in or around late 2023, began to conspire with assorted third parties to further assoil and malign Plaintiff in an attempt to cause Plaintiff financial harm and ruin.

8.     Plaintiff was the owner of property which it had offered to sell and was under contract to be sold.

9. In late August and September 2023, Defendant learned that Plaintiff was in contract to sell the Property.

10. Thereafter, Defendant conspired with assorted third parties to physically divulge and impart Defendant's entire legal records with respect to her former client, Plaintiff, to the third parties for their immediate litigation advantage, resulting in severe economic damage.

11. Defendant further went on the record to slander Plaintiff at a deposition on November 9, 2023, orally and publicly divulging her previous physical divulging of privileged and confidential documents and information.

12. Armed with Ms. Watson's tortious divulgence and testimony, approximately one week later, the third parties filed a *lis pendens* on the Property, sullying its title, preventing its sale, and rendering the Property an unmarketable asset from November 2023 to date.

## FIRST COUNT
### (Tortious Interference with Prospective Economic Advantage)

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. The Defendant was aware that Plaintiff was under contract to sell the Property.

15. Defendant took steps, both illegal in their own right, as well as maliciously conceived, in conspiracy with the third parties to torpedo Plaintiff's sale of the Property, to divulge physical

documents and records of a privileged and confidential nature to which she was privy based upon her role as Plaintiff's former legal counsel to the third parties for their immediate litigation misuse.

16. Such third parties, in conspiracy with Defendant, put into effect a scheme which would render the Property unsaleable.

17. The Defendant's machinations tortiously interfered with Plaintiff's contracted sale of the Property.

18. The Defendant's actions economically injured the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, DIAMOND TUCKER ST. PROPERTY, LLC, demands Judgment from the Defendant, Felicia B. Watson, Esq. as follows:

A. For monetary damages;
B. For punitive damages;
C. For post-judgment interest;
D. For attorneys' fees;
E. For costs;
F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.
G. Pre-judgement, immediate imposition of Plaintiff's costs of default judgment motion work after appearance while in default on business day before this Court's order to file such motion.

|  |  |
|---|---|
|  | WALKER WILLCOX LAW, LLC |
| By: | s/Walker H. Willcox<br>Walker H. Willcox #9981<br>1947 Hoffmeyer Rd, Suite A<br>Florence, SC 29501<br>(843) 286-5551 - Tel.<br>Email: walker@walkerwillcoxlaw.com |
|  | Roderick D. Woods, P.C.<br>880 Third Avenue<br>Fifth Floor<br>New York, New York 10022<br>(212) 653-8754-Tel<br>Email: Roderick.woods@rdw-law.com<br>Pro hac vice anticipated |
|  | Attorneys for the Plaintiff |

Dated:     October 15, 2025